*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00142-CR

Francis J. **LEARY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR8968
Honorable Pat Priest, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2008

AFFIRMED

Francis J. Leary pled nolo contendere to the offense of aggravated robbery (habitual) after the trial court denied Leary's Petition for Writ of Habeas Corpus to Dismiss with Prejudice All Charges for State's Failure to Prosecute.  Leary contends the trial court erred in denying his petition which asserted a speedy trial claim.  We affirm the trial court's judgment.

## BACKGROUND

Leary was arrested on a charge of theft of an automobile, a state jail felony offense, on September 15, 2005. Leary was indicted on December 13, 2005, on the charge of aggravated robbery. Because the first attorney appointed to represent Leary was not qualified to handle a first degree felony, she withdrew, and a new attorney was appointed. The trial date was reset on May 30, 2006, and August 21, 2006. Although the record does not contain any evidence regarding the reason for the resets, a motion for the appointment of an investigator was granted in September of 2006.

On October 18, 2006, the case was dismissed and re-indicted. The trial date was reset on October 23, 2006; however, the record does not contain any evidence regarding the reason for the reset. The trial was then set for May 21, 2007. On May 18, 2007, Leary's attorney filed a motion for continuance for her personal health reasons. The motion for continuance was granted.

On September 17, 2007, Leary's attorney filed: (1) a request for notice of intent to offer extraneous offenses; (2) a motion for disclosure of names and addresses of persons the State intended to call at trial; and (3) a motion for discovery, production and inspection of evidence. On September 28, 2007, the State filed its notice of intent to introduce extraneous offenses, listing thirty-seven "other crimes, wrongs or acts" that the State intended to introduce.

On January 9, 2008, Leary's attorney filed a motion for the appointment of an investigator which the trial court granted the same day. On January 29, 2008, Leary's attorney filed another motion for the appointment of an investigator which the trial court again granted the same day. On February 4, 2008, Leary's attorney filed a motion to withdraw. At that time, the case was set for trial on February 25, 2008. The motion stated, "Movant has represented Defendant to the best of her

ability, but the attorney client relationship has become so strained that Movant feels it is [in] the best interest of everyone involved that she be allowed to withdraw." On February 12, 2008, the motion was granted. New counsel was appointed on February 13, 2008.

On February 20, 2008, Leary filed a pro se Petition for Writ of Habeas Corpus to Dismiss with Prejudice All Charges for State's Failure to Prosecute, asserting a speedy trial claim. Leary's newly appointed attorney elected to pursue the pro se motion, and after a hearing held on February 26, 2008, the trial court denied the relief requested. Thereafter, Leary pled nolo contendere pursuant to a plea bargain agreement and was sentenced as a habitual offender to forty years imprisonment in accordance with his plea. Although this appeal arises from a plea bargain case, the trial court certified that defendant had the right to appeal the ruling on the speedy trial claim.

## DISCUSSION

"In determining whether a criminal defendant has been denied his federal or state constitutional right to a speedy trial, a court must use a balancing test in which the conduct of both the State and the defendant are weighed." *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003). The factors to be weighed in the balance include, but are not necessarily limited to: (1) the length of the delay; (2) reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant resulting from the delay. *Id*. at 888-89. In conducting a speedy trial analysis, we review legal issues *de novo* but give deference to a trial court's resolution of factual issues. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005). In addition to deferring to the trial court's resolution of disputed facts, we also defer to the trial court's drawing of reasonable inferences from the facts because the trial judge's personal knowledge of the parties and the sequence of events place him in a better position to draw inferences than an appellate court

without such familiarity. *Id*. at 726-27.

1.      *Length of Delay*

The first factor, the length of the delay, is measured from the time the defendant is arrested or formally accused. *Shaw*, 117 S.W.3d at 889. In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Id*.

In this case, Leary was arrested in September of 2005 and his pre-trial hearing was not held until February of 2008. This delay is sufficient to trigger a speedy trial inquiry, and this factor weighs heavily in favor of finding a violation of Leary's right to a speedy trial. *See id*.

2.      *Reason for the Delay*

The State bears the initial burden of justifying the delay. *Marquez v. State*, 165 S.W.3d 741, 748 (Tex. App.—San Antonio 2005, pet. ref'd). In assessing the reasons the State offers to justify the delay, different weights must be assigned to different reasons. *Shaw*, 117 S.W.3d at 889. A deliberate attempt to delay a trial is weighed heavily against the State, while more neutral reasons, such as negligence or overcrowded dockets, are weighed less heavily. *Marquez*, 165 S.W.3d at 748. If the record is silent regarding the reason for the delay, we presume neither a deliberate attempt by the State to prejudice the defense, nor a valid reason for the delay. *Id*.

The record is silent regarding the resets during 2006; however, defense counsel requested and was appointed an investigator from which the trial court could infer that defense counsel needed additional time to prepare the case. The trial date set in May of 2007 was reset when defense counsel requested a continuance. Based on the motions filed requesting additional discovery and the appointment of additional investigators, it appears defense counsel was still preparing the case in late 2007 and early 2008. On the eve of trial in February of 2008, defense counsel moved to withdraw

based on the inability of appointed counsel and the defendant to work together.  At the hearing on the speedy trial motion, the prosecutor also stated that there were ongoing negotiations involving the case with all three attorneys who had been appointed to represent Leary.

From the reference to negotiations, the trial court could have inferred that the parties agreed to the various resets to delay the trial setting.  From the motions filed and the ongoing requests for investigators, the trial court also could have inferred that a greater part of the delay was due to defense counsel needing to prepare for trial; however, the trial court also referred to the status of its docket as contributing to the delay.  In view of the record, this factor does not appear to weigh in either party's favor.

3.     *Assertion of the Right*

A defendant is responsible for asserting or demanding his right to a speedy trial.  *Marquez*, 165 S.W.3d at 749.  Failure to seek a speedy trial makes it difficult for a defendant to prevail on a speedy trial claim.  *Shaw*, 117 S.W.3d at 890.  "This is so because a defendant's failure to make a timely demand for a speedy trial indicates strongly that he did not really want one and that he was not prejudiced by not having one."  *Id*.  "Furthermore, the longer the delay [lasts], the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one."  *Id*. "Thus, a defendant's inaction weighs more heavily against a violation the longer the delay."  *Id.* Finally, a defendant who seeks a dismissal as opposed to a speedy trial attenuates the strength of his speedy trial claim.  *Marquez*, 165 S.W.3d at 749.

In this case, Leary never asserted  his right to a speedy trial and only sought dismissal of the indictment over two years after his arrest and on the eve of his trial setting.  This factor weighs heavily against finding a violation of Leary's right to a speedy trial.  *Shaw*, 117 S.W.3d at 890.

4.      *Prejudice to the Defendant Resulting from the Delay*

Prejudice to the defendant is assessed in light of the interests which the speedy trial right was intended to protect: (1) preventing oppressive incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Shaw*, 117 S.W.3d at 890; *Marquez*, 165 S.W.3d at 749. The defendant has the burden to make some showing of prejudice. *Marquez*, 165 S.W.3d at 749. To show his defense was impaired based on the unavailability of defense witnesses, the defendant must show witnesses were unavailable, their testimony would have been relevant, and he used due diligence to locate the witnesses. *Id*. at 750. To show prejudice based on the dimming memories of the State's witnesses, the defendant must show that the lapses of memory are in some way significant to the outcome of the case. *Id*. Although an excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or even identify, this presumption is extenuated by the defendant's acquiescence in the delay. *Shaw*, 117 S.W.3d at 890.

Although Leary's attorney stated that the delay caused Leary some anxiety, Leary made no showing that his defense would be impaired by the delay. Moreover, Leary's acquiescence in the delay extenuates any presumed prejudice. *See id*. Finally, Leary's anxiety could be equally attributable to a second offense for which Leary also was incarcerated. *See Hill v. State*, 213 S.W.3d 533, 541 (Tex. App.—Texarkana 2007, no pet.). Therefore, although Leary's attorney stated that the delay caused Leary some anxiety, any prejudice Leary suffered as a result of the delay was minimal, and this factor weighs against him. *See Marquez*, 165 S.W.3d at 750.

5.      *Balancing the Factors*

Although the excessive delay weighs heavily in favor of finding a violation, Leary's failure to assert his right weighs heavily against such a finding as does his request for a dismissal as opposed to a speedy trial.  Furthermore, the record provides some evidence of a reason for the delay so this factor does not weigh heavily in favor of a violation.  Finally, although Leary's attorney stated the delay caused Leary anxiety, Leary presented no evidence that his defense was impaired.  Therefore, balancing all of the factors, the trial court did not err in denying Leary's petition requesting a dismissal of his indictment.

## CONCLUSION

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH